UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF FLORIDA
FORT PIERCE DIVISION

NANCY THERESE BEEH

    Plaintiff,

Case No.:

vs.

EXPERIAN INFORMATION SOLUTIONS INC.,
and FIRST NATIONAL BANK OF OMAHA

    Defendants.

_____/

**COMPLAINT AND JURY DEMAND**

1. Plaintiff Nancy Beeh ("Plaintiff") sues Defendant Experian Information Solutions, Inc. for failing to conduct a reasonable investigation into a written dispute in violation of 15 U.S.C. §1681i of the Fair Credit Reporting Act ("FCRA") and for preparing and publishing reports to third-parties after failing to follow reasonable procedures to ensure maximum possible accuracy in violation of 15 U.S.C §1681e of the FCRA.

2. Plaintiff sues First National Bank of Omaha ("FNBO") for furnishing inaccurate/incomplete/misleading information, and for failing to conduct a reasonable reinvestigation of Plaintiff's disputes as to the inaccurate information, in violation of 15 U.S.C. §1681s-2(b) of the FCRA.

**I.JURISDICTION AND VENUE**

3. This action arises out of the Defendants' violations of the FCRA over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681p.

4. Venue in the United States District Court for the Southern District of Florida is proper under 28 U.S.C. § 1391(b) insofar as all the Defendants regularly and purposefully conduct business within the County of Indian River, State of Florida, thereby establishing personal jurisdiction.

5. A substantial part of the events or omissions giving rise to the claims occurred in County of Indian River, State of Florida and witnesses reside within County of Indian River, State of Florida. Therefore, venue properly lies in the U.S. District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391.

## II. PARTIES

### A. Plaintiff Nancy Beeh

6. Plaintiff is an individual, sui juris, and a natural person and citizen of the State of Florida with her permanent place of residence in Indian River County, Florida.

7. Insofar as Plaintiff is a natural person, she is also a "consumer" as that term is defined by 15 U.S.C. § 1681 a (c).

### B. Defendant Experian Information Solutions Inc.

8. Defendant Experian Information Solutions Inc. ("Experian") is a corporation organized and existing under the laws of the state of Ohio, with its principal place of business located at 475 Anton Boulevard, Costa Mesa, CA 92626.

9. Experian's registered agent for service of process is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

10. Experian is a "person" as that is a term defined by 15 U.S.C. § 1681 a (b).

11. Experian is a "consumer reporting agency" as that phrase is defined by 15 U.S.C. § 1681 a (f) insofar as it regularly engages, in whole or in part, for monetary fees, dues or on cooperative nonprofit basis, in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means of facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

12. Experian's primary business purpose is the sale of consumer reports (" credit reports") to third parties and consumers.

13. Experian has a duty, under the FRCA to follow reasonable procedures to ensure that the consumer reports that they sell meet the standard of "maximum possible accuracy" pursuant to 15 U.S.C. § 1681(e)(B).

### C. Defendant First National Bank of Omaha

14. First National Bank of Omaha ("FNBO") is a privately held bank headquartered in the State of Nebraska, that conducts business in the State of Florida.

15. FNBO's registered agent for service of process is Corporation Service Company, 1201 Hays Street, Suite 105, Tallahassee, FL 32301.

16. FNBO is a "person" as that is a term defined by 15 U.S.C. § 1681 a (b).

17. FNBO is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with consumer(s).

18. FNBO furnished Plaintiff's information to Equifax, Trans Union, and Experian, which was inaccurate.

### III. FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

19. On or About August 2024 Plaintiff received a collection letter, from a law firm, for a debt she didn't believe was hers. Additionally ,around that time, Plaintiff began experiencing a substantial reduction in her credit score.

20. On or about August 2024, Plaintiff obtained and reviewed copies of her credit reports. Plaintiff noticed numerous inaccuracies on her Experian credit report including:

    a. FNB OMAHA #2269 with a balance of $10,378 and an associated address of 220 University Blvd, Glassboro, NJ 08028, an address that Plaintiff never lived at or had any connection to.

    b. JPMorgan Chase card #310813XXXX with a balance of $31,668.93

21. On or about August/September 2024 Plaintiff reached out to FNBO and explained that the debt was not hers and that the address associated with the debt was not hers and it was due incurred due to identity theft.  Additionally, Plaintiff reached out to JPMorgan Chase and advised the same.   Plaintiff believed that the inaccurate accounts would be removed from her credit report.

22. On or about the end of October 2024, Plaintiff received a summons for a civil lawsuit titled:  JPMORGAN CHASE vs. Nancy Beeh, Case #2024-CC-002340.   Upon reviewing the complaint, Plaintiff realized that this was the same Chase card that was listed on her credit report and obtained through identity theft/fraud.

23. Due to the this magnitude of the situation, Plaintiff filed a police report with the Indian River Sheriff's Office – Florida, report Number 2023-116802.  Additionally, Plaintiff filled out the Federal Trade Commission ("FTC") Identity Theft Report. In this report, Plaintiff explained that she was a victim of identity theft and that the aforementioned accounts listed on her credit reports did not belong to her.

24. On February 28, 2025, counsel for JPMorgan Chase, in the #2024-CC-002340 case, agreed that the debt was due to identity theft and filed a voluntary dismissal.

25. On or About April 2025, Plaintiff again ran her credit reports to review the status of the FNBO debt.  Experian, Equifax, and Transunion continued to report the FNBO debt as owed and delinquent.

26. On or about April 15, 2025, Plaintiff sent a dispute letter to Experian, Equifax and Trans Union explaining that she was a victim of identity theft and among other things the FNBO account with at $10,378 balance was not hers.  Included in the dispute letter, Plaintiff provided a police report as well as the identity theft affidavit, and a copy of her drivers license.

27. Plaintiff mailed her detailed dispute letters via USPS Certified mail.

28. On June 26, 2025 Defendant Experian responded to dispute as follows:

    a. Outcome: Remains – The company that reported the information has certified to Experian that the information is accurate.  This item was not changed as a result of our processing your dispute.  Please review your report for the details.

29. On or about October 23, 2025, Plaintiff received a collection demand letter from Orlans Law Group PLLC, acting on behalf of FNBO, in attempt to the collect the $10,380 allegedly owed by Plaintiff.

30. As of the date of this Complaint, and despite the dispute transmitted to the Experian, Experian is still reporting this account with a balance of $10,378.

31. For reasons unknown Experian continues to report false, inaccurate, or incomplete information about Plaintiff and the account.

32. Experian and FNBO have failed to utilize an internal process that ensured the maximum possible accuracy of the information they were reporting about the Plaintiff.

33. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Experian and FNBO.

34. Plaintiff has suffered damages as a result of the actions of Experian and FNBO.

## COUNT I VIOLATION OF 15 U.S.C § 1681e
### (against Defendant, Experian Information Solutions Inc.)

35. Plaintiff re-alleges and re-incorporates paragraphs one through thirty four above as if fully set forth herein

36. After receiving the written dispute from the Plaintiff, Experian failed to correct the false or inaccurate information it was reporting on the Plaintiff's consumer report.

37. Experian failed to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff, in violation of 15 U.S.C. § 1681e(b)

38. As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlines in this Complaint.

39. Insofar as Experian's actions and inactions were willful in nature, Plaintiff is entitled to seek and does seek from Experian, statutory damages and punitive damages pursuant to 15 U.S.C. § 1681n.

40. Alternatively, Plaintiff is entitled to seek, and does seek from Experian, damages pursuant to 15 U.S.C. § 1681o based upon Experian's negligent conduct, actions, and inactions.

41. Additionally, Plaintiff is entitled to recover costs and attorneys' fess from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT II – VIOLATION OF 15 U.S.C § 1681i )
### (against Defendant, Experian Information Solutions Inc.)

42. Plaintiff re-alleges and re-incorporates paragraphs one through thirty four above as if fully set forth herein

43. After receiving the written dispute from the Plaintiff, Experian failed to correct the false or inaccurate information it was reporting on the Plaintiff's consumer report.

44. Experian failed to delete inaccurate information in Plaintiff's credit files after receiving written and actual notice of inaccuracies, in violation of 15 U.S.C. § 1681i.

45. Experian failed to maintain reasonable procedures by which it could verify disputed information in Plaintiff's credit report and credit files, in violation of 15 U.S.C. § 1681i.

46. Experian failed to provide Plaintiff with a description of the procedures it used to verify and determine the accuracy and completeness of the disputed information, in violation of 15 U.S.C. § 1681i.

47. Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlines in this Complaint.

48. Insofar as Experian's actions and inactions were willful in nature, Plaintiff is entitled to seek and does seek from Experian, statutory damages and punitive damages pursuant to 15 U.S.C. § 1681n.

49. Alternatively, Plaintiff is entitled to seek, and does seek from Experian, damages pursuant to 15 U.S.C. § 1681o based upon Experian's negligent conduct, actions, and inactions.

50. Additionally, Plaintiff is entitled to recover costs and attorneys' fess from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT VII – VIOLATION OF 15 U.S.C § 1681is-2(b)**

**(against Defendant, First National Bank of Omaha**

51. Plaintiff re-alleges and re-incorporates paragraphs one through thirty four above as if fully set forth herein.

52. After receiving Plaintiff's written dispute, FNBO failed to correct the false and inaccurate information it reported on Plaintiff's credit report regarding the alleged debt Plaintiff owed to FNBO.

53. FNBO failed to fully and properly investigate Plaintiff's written dispute, in violation of 15 U.S.C § 1681is-2(b).

54. FNBO failed to properly review all relevant information regarding Plaintiff's written dispute in violation of 15 U.S.C § 1681is-2(b).

55. FNBO failed to accurately respond to credit reporting agencies, in violation of 15 U.S.C § 1681is-2(b).

56. FNBO verified false information regarding the Plaintiff in violation of 15 U.S.C § 1681is-2(b).

57. FNBO failed to take steps to permanently and lawfully correct its own internal records to prevent the dissemination or re-reporting of false representations to the consumer reporting agencies, in violation of 15 U.S.C § 1681is-2(b).

58. As a result of this conduct, action, and/or inaction of FNBO, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlines in this Complaint.

59. Insofar as FNBO's actions and inactions were willful in nature, Plaintiff is entitled to seek and does seek from FNBO, statutory damages and punitive damages pursuant to 15 U.S.C. § 1681n.

60. Alternatively, Plaintiff is entitled to seek, and does seek from FNBO, damages pursuant to 15 U.S.C. § 1681o based upon BOFA's negligent conduct, actions, and inactions.

61. Additionally, Plaintiff is entitled to recover costs and attorneys' fees from FNBO pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury in this action of all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, all premises considered, Plaintiff seeks a reasonable and fair judgment against Defendants, Experian and BOFA for noncompliance of the Fair Credit Reporting Act and seeks remedies as set forth in 15 U.S.C. § 1681 and demands:

a. Trial by jury;

b. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), or not less than $100 and not more than $1,000 per violation for each Defendant;

c. Punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2) for each Defendant's willful violation;

d. The costs associated with bringing the above-captioned cause of action, as well as reasonable attorneys' fees incurred by the Plaintiff, pursuant to 15 U.S.C. § 1681n(a)(3); and

e. For any and all other relief that this honorable Court deems just and proper.

Dated February 26, 2026

Respectfully submitted by:

/s/ Ofer Shmucher, Esq.

Ofer Shmucher, Esq.
Attorney for the Plaintiff Shmucher Law P.L.
20801 Biscayne Blvd. #403
Miami, FL 33180
Phone: (954) 309-5559
Email: ofer@FLBANKRUPT.com